NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NOEL ECHAVARRIA GONZALEZ, et al., individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> AL & JOHN INC. (GLEN ROCK HAMS, INC.) and UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL #464, <br><br> Defendants. | Civil Action No. 06-6245 (SRC) <br><br> **OPINION** |

**CHESLER**, District Judge

This matter comes before the Court upon the motions to dismiss Plaintiffs' Second Amended Class Action Complaint under Federal Rule of Civil Procedure 12(b)(6) filed by Defendant United Food and Commercial Workers Union, Local #464 ("the Union") (docket item # 9) and by Defendant Al & John, Inc. (Glen Rock Hams, Inc.) ("Glen Rock") (docket item # 12). (Hereinafter, the Second Amended Class Action Complaint will be referred to simply as the "Complaint.") Plaintiffs Noel Echavarria Gonzalez, Luis Antonio Gonzalez, Jose Frias, Juan A. Caraballo, Juan Inoa, Rafael A. Adames, Jose Torres, Julio Reyes, Eduardo R. Polanco, Bartolome Rodriguez, Francisco Estevez and Alfonso Sierra ("Plaintiffs") have opposed the motions, and have separately moved for leave to amend the Complaint (docket item # 16), which

the Court also considers in this Opinion. The Court has reviewed the papers submitted by the parties. It rules based on those submissions pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, Defendants' motions will be granted and Plaintiffs' motion will be denied.

I.   BACKGROUND

The class action Complaint in this action purports to assert a hybrid claim for breach of the collective bargaining agreement by Glen Rock in violation Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and for breach of the duty of fair representation ("DFR") by the Union. Plaintiffs allege that the work they and the putative class of employees perform for Glen Rock renders them part of the bargaining unit as it is defined in Article 1 of the collective bargaining agreement and that they are therefore entitled to the benefits of the contract. (Compl., ¶¶ 22-24.) They claim, however, that Glen Rock failed to afford Plaintiffs benefits owed under the contract. (Id., ¶ 26.) They also claim that the Union has refused to represent Plaintiffs and enforce the collective bargaining agreement on their behalf. (Id., ¶ 29.) In the Complaint, Plaintiffs concede that they have not exhausted their contractual remedies (id., ¶¶ 30-31), but aver that "it would be futile for the plaintiffs to pursue contractual, administrative, or internal union remedies in light of the hostility shown toward them by the Union." (Id., ¶ 32.)

Defendants filed motions to dismiss the Complaint for failure by Plaintiffs to plead exhaustation of their administrative remedies, or in the alternative, to plead the futility of doing so in a legally sufficient manner. Plaintiffs thereafter filed a separate motion for leave to amend the Complaint to add claims under the New Jersey Law Against Discrimination.

II.   LEGAL ANALYSIS

    A.   **Standard of Review**

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff.  See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998); Robb v. Philadelphia, 733 F.2d 286, 290 (3d Cir. 1984).  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents.  See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).  If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Zynn v. O'Donnell, 688 F.2d 940, 941 (3d Cir. 1982).

    B.   **Discussion**

        1.   **Motion To Dismiss**

An employee seeking redress of an employer's breach of a collective bargaining agreement is generally limited to the grievance procedures provided by the contract, and may not bring suit directly against the employer for breach of contract.  Republic Steel v. Maddox, 379 U.S. 650, 652 (1965).  A labor union's refusal to pursue an employee's grievance pursuant to the contractual procedures may give rise to a legal claim by the employee against both the employer

directly for breach of contract and the Union for breach of the duty of fair representation. DelCostello v. Teamsters, 462 U.S. 151, 165 (1983). The law is clear, however, that an employee "must exhaust his or her internal union remedies before bringing a claim against a union for breach of the duty of fair representation." Bullock v. Dressel, 435 F.3d 294, 299 (3d Cir. 2006). Likewise, exhaustion of remedies under the collective bargaining agreement is an essential pre-requisite to maintaining a section 301 claim for breach of the labor contract. Republic Steel Corp., 379 U.S. at 652-53.

In this case, Plaintiffs concede that they have not exhausted their contractual remedies. Instead, they rely on a narrow exception to the exhaustion requirement, which provides that the requirement may be excused where union officials are so hostile to the employee that he or she could not hope to obtain a fair hearing on his or her claim. Clayton v. Automobile Workers, 451 U.S. 679, 689 (1981). Plaintiffs allege in the Complaint that "it would be futile . . . to pursue contractual, administrative, or internal union remedies in light of the hostility shown toward them by the Union." (Compl., ¶ 32.) Specifically, the Complaint alleges that when Plaintiff Gonzalez approached a Union representative to ask that the Plaintiffs be included in the Union, the representative threatened to have him arrested. (Compl., ¶ 27.)

Such conclusory allegations of futility do not excuse the exhaustion requirement. Douglas v. Am. Info. Techs. Corp., 877 F.2d 565, 574 (7th Cir. 1989); Engers v. AT&T, 428 F.Supp.2d 213, 229 (D.N.J. 2006); cf. Glover v. St. Louis-San Francisco Ry. Co., 393 U.S. 324, 552 (1969) (finding futility of exhausting union remedies adequately pled where "the complaint alleges in the clearest possible terms" that repeated complaints were made to company and union officials, who allegedly were acting together against plaintiffs in a racially discriminatory

manner). At oral argument, Plaintiffs' counsel urged the Court to consider the more specific information set forth in the Affidavit of Noel Echavarria Gonzalez in assessing the viability of Plaintiffs' claims. Counsel asked for leave to amend the Complaint to add that information. The Court has reviewed the Affidavit and concludes that the information it contains, even if pleaded in the Complaint, would not suffice to salvage Plaintiffs' claims from a Rule 12(b)(6) motion. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

With respect to alleged Union hostility, Mr. Gonzalez relates that a shop steward threatened to call to the police if Mr. Gonzalez continued to speak to him about non-Union members receiving a bonus, that the Union President did not return a phone message he left and that the Union took no action on Mr. Gonzalez's behalf to attempt to get his job back after he was discharged. These statements, even if assumed to be true, do not provide a "clear and positive showing" that exhaustion is, or would have been, futile. Harrow v. Prudential Ins. Co. of Am., 279 F.3d 244, 249 (3d Cir. 2002) (holding, in context of excusal of requirement that administrative procedures under ERISA must be exhausted before bringing legal action, that excusal merited when plaintiffs provide a "clear and positive showing of futility"). The animus demonstrated by the shop steward when Gonzalez approached him about certain employees' joining the Union and receiving a bonus does not amount to animosity and hostility by the Union hierarchy to Plaintiff and, specifically, to the claim he asserts in this lawsuit - that Plaintiff and the class he purports to represent should have been treated as bargaining unit employees. In other words, Plaintiff's contention that it would have been futile to pursue this claim through the administrative procedures of the collective bargaining agreement is not supported by any facts

5

alleged in the Complaint before the Court or in the statements of the Gonzalez Affidavit.[1]

In concluding that neither the Complaint nor the proferred additional information adequately allege the futility of exhausting contractual grievance remedies, this Court finds persuasive the holding of the Seventh Circuit Court of Appeals in <u>Douglas v. American Information Technologies Corporation</u>, in which the Court of Appeals affirmed a district court's dismissal of a section 301 suit for failure to exhaust contractual remedies.  877 F.2d at 574. Rejecting the plaintiff's conclusory assertions of futility, the <u>Douglas</u> court held that, "even if she did encounter bias at the lower echelons of the grievance process, she offers no explanation as to why she did not pursue the matter to the higher levels of arbitration under the collective bargaining agreement."  <u>Id.</u>  In this case, even taking the Gonzalez Affidavit into consideration as if that information were included in a further amended Complaint, Plaintiff has not shown that union officials displayed such hostility to warrant waiver of the exhaustion requirement.  An unreturned phone call and one unplesant interchange between Plaintiff and the workplace shop steward do not allow this Court to conclude that Plaintiff's inability to plead exhaustion in connection with the violations alleged in this suit should be excused.  Indeed, Plaintiffs do not allege any facts that demonstrate that they even attempted to pursue contractual grievance procedures.  See Cole v. Pathmark of Fairlawn, 672 F.Supp. 796, 805 (D.N.J. 1987) (applying the requirements of Republic Steel v. Maddox, court held that plaintiff could not rely on futility exception because "[e]ven where it is argued that pursuit of contractual grievance procedures

---

[1] Although this fact does not bear on the Court's disposition of the motions at bar, the Court takes judicial notice of the fact that arbitration proceedings concerning Plaintiff's contention that he has been denied benefits to which he was entitled under the contract have been initiated by the Union.

would be futile, the Supreme Court has made clear that plainitff must still attempt to satisfy [the exhaustion] requirement, which can be done by making a showing that the employee made repeated complaints to the company and union officials").  In the Court's opinion, Plaintiff has failed to support the Complaint's bare allegations of futility.

In short, it is well-settled that the failure to exhaust the grievance and arbitration provisions of a collective bargaining agreement warrants dismissal of a hybrid DFR/section 301 action.  Bullock, 435 F.3d at 299; Findley v. Jones Motor Freight, 639 F.2d 953, 957 (3d Cir. 1981).  There is no dispute here, and it is clear from the face of Plaintiffs' complaint, that Plaintiffs did not pursue contractual remedies.  Though our jurisprudence recognizes that DFR and section 301 claims may sometimes be maintained despite a lack of exhaustion of union procedures, Plaintiffs have not adequately alleged that their admitted failure to meet this prerequesite should be excused by the Court on grounds that it would have been futile to pursue the arbitration and grievance procedures under the contract.   Accordingly, their claims for breach of the labor contract and for violation of the duty of fair representation are precluded, and their Complaint must be dismissed for failure to state a claim on which relief may be granted.

       2.    Motion For Leave To Amend Complaint

Plaintiff's motion to amend the Complaint must be denied.  Plaintiff proposes adding two additional claims, for violation of the New Jersey Law Aginst Discrimination.  While Federal Rule of Civil Procedure 15(a) directs that leave to amend a complaint should be freely given, the Supreme Court has held that leave to amend should be denied based, among other reasons, for undue delay, bad faith, undue prejudice, and futility of the proposed amendment.  Foman v. Davis, 371 U.S. 178 (1962).

The amendment Plaintiffs seek to make would be futile, because the Court would have no subject matter jurisdiction to entertain such purely state law causes of action. Federal jurisdiction on this case is premised on federal question jurisdiction, 28 U.S.C. § 1331, based on the claims arising out of section 301 of the LMRA. As discussed above, the Court will dismiss Plaintiffs' section 301 and DFR claims for failure to state a claim upon which relief may be granted. Diversity of the parties has not been pled in this case, and thus diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), does not appear to exist. Because the Court's jurisdiction over Plaintiffs' proposed NJLAD claims would be supplemental to its original jurisdiction over the claims that will be dismissed, the Court is left without an independent jurisdictional basis over the state law claims. 28 U.S.C. § 1367(c)(3). Accordingly, the motion for leave to amend the Complaint will be denied.

### III.   CONCLUSION

For the foregoing reasons, this Court grants Defendants' motions to dismiss and denies Plaintiff's motion for leave to amend the Complaint. An appropriate form of order will be filed together with this Opinion.

        s/ Stanley R. Chesler  
        STANLEY R. CHESLER  
        United States District Judge

DATED: May 18, 2007